Edward R. Dayton
1336 Crowley Ln.
Fairfield, Ca. 94533
(707) 421-1894



IN THE UNITED STATES DISTRICT COURT

EASTREN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward R. Dayton,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>City of Fairfield, David James, Fairfield Police Department, Christina L. Browning, David Doyle, Does 1-10<br><br>　　　　　Defendant's | Case No.: 2:17-cv-1898 KJM KJN PS<br><br>COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTY AND RESTRICTED ENTRY TO PLAINTIFF'S HOME |

Plaintiff Edward R. Dayton hereby files this complaint against the City of Fairfield, David James, Fairfield Police Department, Christina L. Browning and David Doyle; for "Violation of Plaintiff's Civil Rights Under Title 42 USC Section 1983" and "Unlawful Conversion of Plaintiff's Personal Property" through their execution of "Abatement Warrant 2275" against plaintiff's real property at 1336 Crowley Lane Fairfield, California, and their subsequent "Notice of Restricted Entry" and "Unfit to Occupy" notice for plaintiff's home.

INDEX OF ABBREVIATED TERMS AND NAMES

1) C.O.F.- City of Fairfield
2) F.F.C.- Fairfield City Code

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 1

3) C.C.O.F.- City Counsel of Fairfield
4) C.E.S.- Code Enforcement Supervisor
5) C.E.O.- Code Enforcement Officer
6) C.A.- City Attorney (Richards, Watson, Gershon a private law firm)
7) S.S.C.- Solano Superior Court
8) F.P.D.- Fairfield Police Department

## CASE INTRODUCTION

Plaintiff Edward R. Dayton is and has been the sole occupant and record title owner of the real property located at 1336 Crowley Lane Fairfield, California 94533, also identified as County of Solano Tax Assessor Parcel Number 0031-190-580, since April 1993. Since perhaps late 1998 the C.O.F. has initiated numerous abatement type actions against plaintiff's real property. The most recent abatement action that gives rise to this complaint is as follows.

1) On 14 June 2016 C.E.S. David James of F.P.D. issued an Preliminary Order to Abate Public Nuisance on plaintiff's real property for violations of F.C.C.9.510; 27.401(k), (n), (g), (f); 9.450:and 25.30.2, with 15 days to correct the violations.

2) On 11 July 2016, after obtaining an "Inspection Warrant 2230" signed by Judge Scott Kays of S.S.C. on 6 July 2016, an abatement hearing was conducted at plaintiff's real property (in conjunction with the warrant) by Daniel Hatzel C.O.F.H.O. with C.E.S. David James present. On 12 July 2016 the hearing officer issued an "Order to Abate Nuisance" in case no. 13-000191 (amended on 13 July 16) ordering plaintiff to abate violations of F.C.C. 27.401(n), (f), (g), (k), and 9.450. Plaintiff was given 10 days to correct the violations or file an appeal with the city clerk (by 23 July 2016).

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 2

3) On 23 July 2016 plaintiff contacted Eva Hoff, deputy city clerk over the phone to request an appeal with the C.C.O.F. Plaintiff verbally communicated all the pertinent information necessary to schedule the appeal. Plaintiff filed a written appeal with Eva Hoff on 1 August 2016 with all the same information he gave her verbally.

4) An appeal hearing was held on 16 August 2016 before the C.C.O.F. Plaintiff was initially present for about the first 15 minutes but then had to leave the chambers for approximately 35 minutes before returning to find that the counsel had concluded it's business and the meeting was adjourned. The C.C.O.F. upheld the C.O. F. H.O. "Order to Abate Nuisance" with the order to be completed by 26 August 2016.

5) After application to S.S.C. by the C.O. F. Judge Paul L. Beeman signed a "Nuisance Abatement Warrant 2275" on 7 September 2016. After posting a copy of the warrant on plaintiff's real property on 9 September 2016, the C.O.F. under the supervision of C.E.S. David James with other C.E.O. (specifically Dan Barbeau C.E.O.) by using the services under contract of Restoration Management Company, executed the abatement warrant against plaintiff' real property. The abatement was conducted from 08:00 on 12 September 2016 thru approximately 13:30 on 15 September 2016.

6) The C.O.F. then applied to S.S.C. for an "Inspection Warrant 2350" to conduct an inspection of the inside of plaintiff' home and surrounding real property, signed by Judge Michael Mattice on 6 December 2016. On 12 December 2016 C.E.S. David James executed the warrant. On 19 January 2017 David Doyle, P.E., Building Official issued a "Notice of Restricted Entry" for plaintiff's home on his real property. Immediately upon receiving said notice along with a "Restricted Entry/Unfit to Occupy Notice" from C.E.S.

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 3

David James on 8 February 2017, plaintiff filed an appeal with David Doyle, P.E. thru the C.O.F. building department on that same day. On 16 February 2017 David Doyle, P.E. issued a "Stay of Notice of Restricted Entry". This brings us to the following causes of action.

### CAUSE OF ACTION NUMBER ONE

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 12-14 September 2016 the C.O.F. through it's contractor Restoration Management Company, while under the supervision and direction of C.E.S. David James did knowingly and intentionally, unlawfully remove and permanently dispose of plaintiff's personal property, to wit, useable items of replacement windows, yard decorations, clothing, rugs, compost bins, scrap wire, barbecue, water hoses, useable scrap lumber, reptile cages, useable roofing materials, children's toys, 4 dog houses, and other useable materials, from the open backyard area of plaintiff's real property, not in public or private view. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(f), (g), and (n), nor 9.450. This is an unlawful permanent conversion of plaintiff's personal property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure, violation of due process, under the 4th, 5th and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

### CAUSE OF ACTION NUMBER TWO

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 4

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 12-14 September 2016 the C.O.F. through it's contractor Restoration Management Company, under the supervision and direction of C.E.S. David James, did knowingly and intentionally unlawfully remove and permanently dispose of plaintiff's personal property to wit, useable items of clothing, bedding and linen, books, personal artifacts from inside the metal storage shed in plaintiff's backyard; useable items of clothing, shoes, Christmas and Halloween decorations, oriental rugs, florescent light fixtures, a Pioneer Stereo Receiver SX950, pillows, blankets, furniture, dresser, sofa, loveseat, 5 gallon buckets, antique rawhide mallet, and numerous personal property and effects, from inside 3 large vinyl and wood enclosed storage sheds in plaintiff's backyard. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(f), (g) and (n), nor 9.450. This is an unlawful permanent conversion of plaintiff's personal property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure and violation of due process, under the 4th, 5th and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

## CAUSE OF ACTION NUMBER THREE

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 13-14 September 2016 the C.O.F. through it's contractor Restoration Management Company, while under the supervision and direction of C.E.S. David James did knowingly and intentionally, unlawfully remove and permanently dispose of plaintiff's personal property, to wit, useable items of clothes washers, clothes dryers, a

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 5

refrigerator, baby strollers, large children's toys, and other personal property, from plaintiff's east side yard, not in public or private view. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(f), (g), and (n), nor 9.450. This is an unlawful permanent conversion of plaintiff's personal property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure and violation of due process, under the 4th, 5th and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

## CAUSE OF ACTION NUMBER FOUR

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 14-15 September 2016 the C.O.F. through it's contractor Restoration Management Company, while under the supervision and direction of C.E.S. David James did knowingly and intentionally, unlawfully remove and permanently dispose of plaintiff's personal property, to wit, useable items of round metal outdoor table with concrete aggregate pad, clay bricks, concrete retaining wall blocks, concrete blocks, bags of top soil, bags of collard wood chips, different size flower pots, and other personal property, from plaintiff's west side yard not in public or private view. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(n) and (f), nor 9.450. This is an unlawful permanent conversion of plaintiff's personal property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure and violation of due process, under the 4th, 5th and 14th

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983
AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND
RESTRICTED ENTRY TO PLAINTIFF'S HOME - 6

Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

### CAUSE OF ACTION NUMBER FIVE

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 14-15 September 2016 the C.O.F. through it's contractor Restoration Management Company, while under the supervision and direction of C.E.S. David James did knowingly and intentionally, unlawfully remove and permanently dispose of plaintiff's personal property, to wit, useable items of weight barbell with weights, weight bench, garden hose, flower pots with live flowers, wood bookcase, couch, dresser, other furniture, plastic 3 drawer storage unit, other personal property, from plaintiff's front yard and driveway not in public or private view. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(f), (g), and (n), nor 9.450. This is an unlawful permanent conversion of plaintiff's personal property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure and violation of due process, under the 4th, 5th and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

### CAUSE OF ACTION NUMBER SIX

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 14-15 September 2016 the C.O.F. through it's contractor Restoration Management Company, while under the supervision and direction of C.E.S. David James did knowingly and intentionally, unlawfully remove and permanently

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 7

dispose of plaintiff's personal property, to wit, useable items of wooden and plastic dressers full of clothes, Christmas decorations, flower pots with live flowers, and other personal property, from plaintiff's front porch not in public or private view. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(f), (g), and (n), nor 9.450. This is an unlawful permanent conversion of plaintiff's personal property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure under the 4th, 5th and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

## CAUSE OF ACTION NUMBER SEVEN

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 14-15 September 2016 the C.O.F. through it's contractor Restoration Management Company, while under the supervision and direction of C.E.S. David James did knowingly and intentionally, unlawfully remove and permanently dispose of plaintiff's personal property, by cutting down and trimming plaintiff's trees, bushes, vines, and flowers, in plaintiff's backyard, front yard, and inside plaintiff's front yard fence. This action was not allowed under the law as these items were not in violation of F.C.C. 27.401(k) This is an unlawful permanent conversion of plaintiff's personal property. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure under the 4th, 5th and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1 Section 1, sec. 7, and sec. 13.

## CAUSE OF ACTION NUMBER EIGHT

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On or about 1 September 2016, Christina L. Browning, a contract C.A. of Richards, Watson, and Gershon, acting in her official capacity as a C.A., did knowingly and intentionally submit to S.S.C. an "Application for Abatement Warrant' and an "Proposed Abatement Warrant". The proposed warrant (later signed on 7 September 2016 by S.S.C. Judge Paul L. Beeman as no. 2275) was unlawful as it was written. It gave the C.O.F. the authority to execute an abatement of plaintiff's real property beyond the violations listed in the C.O.F.H.O. "Order to Abate Nuisance" dated 13 July 2016, and upheld by the C.C.O.F. on 16 August 2016. This was a "<u>direct abuse of process</u>" and is therefore an violation of due process under the United States Constitution Amendment 5 and 14. This is also actionable under the California Constitution Article 1 section 7.

## CAUSE OF ACTION NUMBER NINE

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. On 19 January 2017 David Doyle, P. E. Building Official did knowingly and intentionally sign a "Notice of Restricted Entry" and then through C.E.S. David James on 8 February 2017 issue and post along with a "Restricted Entry/Unfit to Occupy" notice upon plaintiff's real property. This action barred plaintiff from using and living in his home on a 24 hour basis for a period of 8 days until 16 February 2017, when after plaintiff's notice of appeal was filed on 8 February 2017, David Doyle, P. E. issued a "Stay of Notice of Restricted Entry". The "Notice of Restricted Entry/ Unfit to Occupy" was not supported by, and in violation of, California Building Standards Code section 17980(a) and (c)(1). This restriction

upon plaintiff was therefore unlawful and an "abuse of process" and therefore a violation of due process under the United States Constitution Amendment 5 and 14. This is also actionable under the California Constitution Article 1 section 7.

### CAUSE OF ACTION NUMBER TEN

Plaintiff hereby incorporates all the previous information in this complaint as is necessary for this and all further causes of action. Plaintiff has reason to believe that the Restoration Management Company foreman at plaintiff's real property on 12-15 September 2016, did intentionally take photographs of plaintiff's real property from on and inside of plaintiff's real property, without plaintiff's permission, while under the supervision and direction of C.E.S. David James who did knowingly and intentionally allow such act to occur. This photography of plaintiff's real property by a private person was not authorized by "Abatement Warrant 2275". This is a violation of plaintiff's privacy specifically under the California Constitution Article 1 Section 1, and the United States Constitution Amendment 5 and 9. Municipalities are responsible under the law for the intentional wrongful act of their contractor's employees. C.E.S. David James did not use due care in his supervision of the C.O.F. contract's employees.

Plaintiff requests a jury trial.

Prayer: Plaintiff requests this court award plaintiff general damages against the City of Fairfield and other defendants in the sum of $100,000.00 and $200,000.00 in punitive damages against David James for his actions in this case and his repeated unlawful actions in other cases over the past ten years against plaintiff, under the "Doctrine of Continuing Violation".

Dated : 12 September 2017            *Edward R. Dayton*

Edward R. Dayton, Plaintiff Pro Se.

COMPLAINT FOR VIOATION OF CIVIL RIGHTS UNDER TITLE 42 USC SECTION 1983 AND PERMENANT UNLAWFUL CONVERSION OF PLAINTIFF'S PERSONAL PROPERTYAND RESTRICTED ENTRY TO PLAINTIFF'S HOME - 10