UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. DAYTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD et al.,<br><br>Defendants. | No. 2:17-cv-01898-KJM-KJN<br><br><br><br>ORDER |

On December 8, 2017, plaintiff, who proceeds without counsel, moved for a ninety-day extension of time to serve defendants David James and Christina L. Browning. (ECF No. 6.) Pursuant to Federal Rule of Civil Procedure 4(m), the court granted plaintiff a thirty-day extension of time to serve Mr. James and Ms. Browning. (ECF No. 7.) Subsequently, on January 10, 2018, plaintiff filed an ex parte application for an order authorizing service by publication on David James. (ECF No. 11.)

A plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In California, "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom

1

service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a).

The court finds that service by publication is not appropriate for defendant David James at this juncture. Plaintiff's declaration demonstrates that he has failed to exercise "reasonable diligence" in his attempts to serve Mr. James, as required by California Code of Civil Procedure § 415.50(a). According to his declaration, plaintiff hired Sturdee Legal Services to serve Mr. James at the Fairfield Police Department, where he was formerly employed. (ECF No. 11-1 at 2.) When that proved unsuccessful, plaintiff orally requested that City of Fairfield staff provide him with Mr. James' address, which city staff refused to do. (Id.) Finally, plaintiff physically searched through records at the Solano County Registrar of Voters Office and the Solano County Assessor/Recorder Office, where he failed to find an address for Mr. James. (Id.) There is no indication that plaintiff looked for other means of contacting Mr. James, such as a phone number or an email address. It does not appear that plaintiff looked in a phone book or performed an Internet search. Neither has plaintiff contacted the United States Postal Service, in hopes of discovering a forwarding address. As such, Plaintiff has not taken reasonable steps to justify service by publication. However, in light of plaintiff's pro se status, the court will grant plaintiff one further extension of time to effectuate service on Mr. James.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's ex parte application for an order authorizing service by publication on David James is DENIED, without prejudice and subject to renewal, after plaintiff exercises reasonable diligence in attempting to serve Mr. James.
2. Plaintiff is granted a forty-five (45) day extension, from January 10, 2018, to serve defendant David James.

IT IS SO ORDERED.

Dated: January 16, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-1898.dayton.order serv pub

2