UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD R. DAYTON,

    Plaintiff,

v.

CITY OF FAIRFIELD, et al.,

    Defendants.

No. 2:17-cv-01898-KJM-KJN PS

ORDER AND FINDINGS AND RECOMMENDATIONS

I. <u>INTRODUCTION</u>

On September 12, 2017, plaintiff Edward R. Dayton commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against defendants the City of Fairfield ("City"), Fairfield Police Department ("Police Department"), David Doyle, David James, and Christina Browning. (ECF No. 1.)[1] Plaintiff filed the operative first amended complaint on September 14, 2017, and paid the filing fee. (<u>See</u> ECF No. 3.) Presently pending before the court is the motion to dismiss filed by defendants the City, the Police Department, and Doyle ("Moving Defendants"). (ECF No. 8.) Plaintiff filed an opposition and Moving Defendants filed a reply. (ECF Nos. 13, 14.) These motions came on regularly for hearing on February 8, 2018 at 10:00 a.m. (ECF No. 15.) Present at the hearing were *pro se* plaintiff Edward R. Dayton, and attorney Peter Pierce on behalf of

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Moving Defendants.  After carefully considering the written briefing, the oral arguments of counsel, the court's record, and the applicable law, the court recommends that defendants' motion to dismiss be GRANTED IN PART and the action be DISMISSED as outlined below:

II. BACKGROUND

    A    <u>First Amended Complaint and Public Documents</u>

The background facts are taken from plaintiff's first amended complaint (<u>see</u> First Amended Complaint, ECF No. 3 ["FAC"]), and the public records attached to defendants' request for judicial notice (<u>see</u> Request for Judicial Notice, ECF No. 8-1 ["RJN"]).[2]

Since 1998, the City has initiated numerous nuisance abatement actions against plaintiff's real property, located at 1336 Crowley Lane, Fairfield, California 94533.  (FAC at 2; RJN, Ex 1.) Plaintiff claims that he is the sole occupant and owner of this property.  (FAC at 2.)  The first amended complaint asserts various purported civil rights violations by defendants, related to the City's most recent nuisance abatement action against plaintiff's property.  (FAC at 4–12.)

The most recent abatement action began on June 14, 2016, when defendant James, the City's Code Enforcement Supervisor, sent plaintiff a Preliminary Notice to Abate Public Nuisance, citing seven separate violations of the Fairfield City Code on plaintiff's property. (FAC at 2; RJN, Ex. 1.)  The City gave plaintiff fifteen days to correct the violations.  (FAC at 2.) On July 11, 2016, pursuant to an Inspection Warrant granted by Solano County Superior Court Judge Scott Kays, code enforcement officials inspected the property and conducted an abatement hearing.  (FAC at 2; RJN, Ex. 1.)  An Order to Abate Nuisance was issued, and plaintiff was given ten days to correct the violations or to file an appeal.  (<u>Id.</u>)

Plaintiff appealed and a hearing was held on August 16, 2016, before the Fairfield City Council, who upheld the Order to Abate Nuisance.  (FAC at 3; RJN, Ex. 1.)  Then, on September 6, 2016, the City applied for a Nuisance Abatement Warrant that was granted by Solano County Superior Court Judge Paul L. Beeman.  (FAC at 3; RJN, Exs. 1, 2, 3.)  On September 9, 2016, the City posted the Nuisance Abatement Warrant on plaintiff's property.  (FAC at 3.)  From

---

[2] The court may take judicial notice of court filings and other matters of public record.  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

September 12 through September 15, 2016, code enforcement staff, under the supervision of defendant James, executed the abatement warrant, removing what the City described as "43,250 pounds of debris." (FAC at 3; RJN, Ex. 1 at 6.)

Later, on December 6, 2016, Solano County Superior Court Judge Michael Mattice granted the City another warrant to inspect the interior of plaintiff's property. (FAC at 3; RJN, Exs. 1, 4.) On December 12, 2016, defendant James executed the warrant on behalf of the City. (FAC at 3; RJN, Ex. 1.) The City claimed that code enforcement staff discovered rodent feces and large piles of debris throughout the interior of the residence, and as a result, defendant Doyle, City Building Official, issued a Notice of Restricted Entry for plaintiff's residence, on January 19, 2017. (FAC at 3; RJN, EX. 1, 6, 7.) Plaintiff appealed, and on February 16, 2017, Doyle stayed the Notice of Restricted Entry. (FAC at 4.)

Plaintiff initiated this action on September 12, 2017. (ECF No. 1.) The first amended complaint asserts the following claims: (1) unlawful search and seizure under the Fourth Amendment to the United States Constitution; (2) due process violations under the Fifth and Fourteenth Amendments to the United States Constitution; (3) violations of privacy under the Fifth and Ninth Amendments to the United States Constitution; (4) unlawful conversion; (5) abuse of process; (6) and various violations of the California Constitution. (See FAC.)[3]

---

[3] Plaintiff's first amended complaint raises these claims in a somewhat different order. The first seven causes of action each include a list of items the City allegedly removed from his property, between September 12 and 15, 2016, and each allege that:

> This is an unlawful permanent conversion of plaintiff's property as this property has not been returned. This action is also actionable under Title 42 USC section 1983 as a violation of plaintiff's civil rights for unlawful search and seizure, violation of due process, under the 4th, 5th, and 14th Amendments to the United States Constitution. This unlawful conversion is also actionable under the California Constitution Article 1, Section 1, sec. 7, and sec. 13.

(FAC at 4–8.)

Causes of action eight, nine, and eleven each describe in detail the steps the defendants took throughout the nuisance abatement process, and each allege "[t]his was a 'direct abuse of process' and is therefore a violation of due process under the United States Constitution Amendment 5 and 14. This is also actionable under the California Constitution Article 1 section 7." (FAC at 9–12 (emphasis in the original).)

1    The instant motion to dismiss, by Moving Defendants, followed. (ECF No. 8.)
Defendants Browning and James ("Non-Moving Defendants") were neither present nor represented at the hearing. Neither has appeared in this matter and to date, there is no indication that either has been served by plaintiff.[4]

B.    Plaintiff's Admissions

During the February 8, 2018 hearing before the undersigned, plaintiff made a number of important admissions. First, plaintiff admitted that he previously challenged at least one of the City's prior abatement actions in state court. According to plaintiff, the California Superior Court held that City employees who participate in nuisance abatement actions are absolutely immune from suit, under California state law. Apparently, the First District Court of Appeal of California upheld this ruling, and the California Supreme Court declined to hear plaintiff's appeal.

Second, plaintiff admitted that he did not appeal the Fairfield City Council's August 16, 2016 decision to uphold the Order to Abate Nuisance against plaintiff's property. Plaintiff maintained that he did not appeal this decision because he did not trust the state court judges to issue a fair ruling.

Third, plaintiff clarified that his main contention here is that the City removed items from his property that did not violate the municipal code because they were behind a fence and not "in public or private view." At the same time, he conceded that the City has the right to prosecute abatement actions, and that he may not maintain his property in any way he sees fit.[5]

/////

---

Finally, the tenth cause of action alleges that defendants allowed a third party company to take photographs at plaintiff's property, when executing the Abatement Warrant, and that "[t]his was a violation of plaintiff's privacy specifically under the California Constitution Article 1 Section 1, and the United States Constitution Amendment 5 and 9." (FAC at 10.)

[4] On December 12, 2017, the court granted plaintiff a thirty-day extension to serve Non-Moving Defendants. (See ECF Nos. 6, 7.) Thereafter, plaintiff requested permission to serve James by publication, which the court denied, while granting plaintiff another forty-five-day extension, from January 10, 2018, to serve defendant James. (See ECF Nos. 11, 12.)

[5] Together, these admissions seem to demonstrate that the instant action is essentially an untimely and improperly filed appeal of the Fairfield City Councils' August 16, 2016 decision.

III.     LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and

matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

IV. DISCUSSION

Moving Defendants seek to dismiss plaintiff's first amended complaint, asserting that defendants are subject to absolute and qualified immunity, and that plaintiff has failed to state a claim upon which relief may be granted. (See ECF No. 8.)

A. Non-Moving Defendants

Preliminarily, plaintiff concedes that Non-Moving Defendant Browning should be "dropped as a defendant in this case." (ECF No. 13 at 2.) However, plaintiff makes no such concession regarding James, the remaining Non-Moving Defendant.

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

////

Non-Moving Defendant James has not been served, nor has he appeared in this matter. Still, the first amended complaint indicates that all of James' alleged actions were taken pursuant to his employment as the City's Code Enforcement Supervisor (see FAC), which demonstrates that James is similarly situated to Moving Defendants—the City, the City Police Department, and City Building Official Doyle. Furthermore, all claims against defendant James are integrally related to those against Moving Defendants because all claims in this matter concern the City's abatement action against plaintiff's property. (See FAC.) As such, Moving Defendants arguments are equally applicable to James, even though he has not yet appeared in this matter. Therefore, for the reasons explained below, the undersigned recommends that all claims be dismissed against Moving Defendants and Non-Moving Defendant James, alike.

B. FEDERAL CLAIMS (§ 1983)

The first amended complaint brings various claims pursuant to 42 U.S.C. § 1983, for alleged violations of plaintiff's civil rights as protected by the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Unites States Constitution. (See FAC.) Essentially, the first amended complaint asserts that defendants violated plaintiff's constitutional rights through their actions during the underlying nuisance abatement action. (Id.)

1. Absolute and Qualified Immunity

"Despite the broad terms of § 1983," the Supreme Court "has long recognized that" officials sued in their personal capacities may be entitled to assert a common-law defense of absolute or qualified immunity. See Rehberg v. Paulk, 566 U.S. 356, 361 (2012). Because defendants Doyle and James have been named in their personal capacities, they may raise the defenses of absolute or qualified immunity. (Id.) However, defendants the City and the Police Department may not rely on such defenses.[6]

////

---

[6] While defendants did not raise any defense under Monell v. New York City Dep't of Social Services, it does not appear that the first amended complaint states a cognizable claim for municipality liability against the City or the Police Department because plaintiff does not allege that either defendant had an official policy or custom that caused a constitutional tort against plaintiff. 436 U.S. 658 (1978). Nor is there any indication that plaintiff could plead such a Monell claim if given leave to amend.

Moving Defendants assert that they are entitled to absolute prosecutorial immunity from plaintiff's § 1983 claims because defendants' actions during the abatement action were prosecutorial in nature. (ECF 8 at 5–6.) Alternatively, they argue that defendants are entitled to qualified immunity because they reasonably believed that their conduct complied with the law. (Id. at 6–7.)

### i. Absolute Prosecutorial Immunity

The United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Such absolute immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

Courts use a functional approach to determine absolute immunity, examining "the nature of the function performed, not the identity of the actor who performed it." Kalina v. Fletcher, 522 U.S. 118, 127 (1997). For example, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Moving Defendants argue that under the functional approach, defendants are entitled to absolute immunity for their actions in this matter, enforcing the Fairfield City Code. (See ECF No. 8 at 5–6.) Moving Defendants rely on Spitzer v. Aljoe, No. 13-CV-05442-MEJ, 2014 WL 1154165 (N.D. Cal. Mar. 20, 2014). However, in Spitzer, the only officials the court found were entitled to absolute immunity were attorneys who were representing the city in a code enforcement action. Id. at *1–3, 10.

Here, neither James nor Doyle were attorneys for the City. As the City's Code Enforcement Supervisor, defendant James sent plaintiff the initial notice to abate; supervised the execution of the abatement warrant; and executed the inspection warrant. (FAC at 2–3.) As the City's Building Official, defendant Doyle issued the notice of restricted entry, and later stayed

8

that same notice. (Id. at 3–4.)

It is not absolutely clear whether the actions of defendants James or Doyle were functionally equivalent to those of a prosecutor. On the one hand, some of defendants' actions appear similar to the key prosecutorial function of filing a criminal complaint—i.e. issuing a notice to abate, or a notice of restricted entry. On the other hand, some of the defendants' other actions are not recognizable as prosecutorial functions—i.e. executing the abatement warrant or staying the notice of restricted entry. In any event, the court need not resolve this issue, because defendants James and Doyle are nonetheless protected by qualified immunity.

### ii. Qualified Immunity

In the context of § 1983 actions, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal citations omitted). Generally, the federal law must be clearly established in a fairly

> particularized . . . sense: [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, [. . .]; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (internal citations omitted). "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'" Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011) (internal citations omitted).

Importantly, qualified immunity is "an immunity from suit rather than a mere defense to liability" and "is effectively lost if a case is erroneously permitted to go to trial." Pearson, 555 U.S. at 231. As a result, the Supreme Court has stressed the importance of resolving the issue of qualified immunity at the earliest possible stage in litigation, and thus, qualified immunity may be raised in a Rule 12(b)(6) motion to dismiss. (Id. at 232.)

Moving Defendants persuasively argue that they are entitled to qualified immunity here because defendants' actions were objectively reasonable. No reasonable City official who—like

9

James and Doyle—in the scope of his employment, acted pursuant to warrants signed by judges, administrative hearings held by City officials, and an appeal before the City Council, would have reason to believe that his actions violated any clearly established constitutional right or federal law.

Throughout the first amended complaint, plaintiff asserts that defendants' actions were not allowed under the law because the condition of plaintiff's property, including the numerous items he admits were piled in his yard, did not violate the Fairfield City Code. (See FAC.) This is a legal assertion that the court need not accept as true, on a motion to dismiss. See Paulsen, 559 F.3d at 1071. But, even assuming the City officials made a mistake in applying the municipal code, such an error is not a de facto constitutional violation. In any event, plaintiff chose not to challenge the underlying abatement action through appeals in state court.

As such, plaintiff has failed to allege that defendants violated any clearly established constitutional right or federal law, and there is nothing in plaintiff's opposition brief to suggest that he could do so, if given leave to amend. (See FAC; ECF No. 13.) Therefore, the federal claims against defendants James and Doyle are subject to dismissal because these defendants are protected by qualified immunity. See Pearson, 555 U.S. at 231.

### 2. Failure to State a Claim

Moving Defendants argue that the first amended complaint "and each and every cause of action alleged therein fails to state a claim upon which relief may be granted because plaintiff's allegations show that the City did not deprive Plaintiff of a constitutional right." (ECF No. 8 at 7.)

#### i. *Due Process Claims (Fifth and Fourteenth Amendments)*

In the first amended complaint plaintiff asserts that his due process was violated when the defendants applied for and executed the abatement warrant (cause of action eleven); took numerous items pursuant to the abatement warrant (causes of action one through seven); and then temporarily restricted plaintiff's entry into his residence (cause of action nine). (See FAC.)

The court "examine[s] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State [...];

the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (internal citations omitted.) Plaintiff fails to state a claim at both steps of this inquiry.

First, plaintiff fails to allege that defendants' actions infringed upon any protected liberty or property interest. While plaintiff makes the legal conclusion that he did not violate the municipal code, when he kept 43,250 pounds of items behind a fence in his yard, he has also admitted that he does not have an absolute right to maintain his residence and property in any way he desires.

Second, even assuming defendants' actions in removing these items infringed upon a property interest, the first amended complaint nonetheless fails to state a claim. When a property interest is invoked, due process requires that the property owner "be given notice and an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" Schneider v. Cty. of San Diego, 28 F.3d 89, 92 (9th Cir. 1994), as amended on denial of reh'g and reh'g en banc (Oct. 11, 1994) (internal citations omitted.)

Here, the first amended complaint details a multi-stage process, during which time plaintiff was provided with multiple notices, and multiple opportunities to be heard—including an appeal—before the abatement order was enforced against his property. Additionally, while plaintiff was temporarily deprived of entry into his home based upon the City's assertion that the residence was unsafe, the notice of restricted entry was stayed after plaintiff's appeal. Thus, plaintiff was provided ample due process, whether or not his property interests were infringed upon.[7]

---

[7] Plaintiff also asserts that defendants violated his due process because they enforced the Order to Abatement Nuisance, within thirty days of the City Council's decision, contrary to Fairfield City Code § 27.511(a). (FAC at 11.) It appears that plaintiff misreads this section, which states that

> any appellant having objection or feeling aggrieved at any proceedings taken by the city council in sustaining or modifying a decision of the hearing examiner must bring an action in a court of competent jurisdiction within thirty days after the action by the council in such matter, otherwise all objections will be deemed waived.

Fairfield City Code § 27.511(a).

### ii. Unlawful Search and Seizure (Fourth Amendment)

As the Ninth Circuit Court of Appeals has observed, "[i]t is clear that the warrant requirement of the fourth amendment applies to entries onto private land to search for and abate suspected nuisances." Conner v. City of Santa Ana, 897 F.2d 1487, 1490 (9th Cir. 1990). Here, plaintiff admits that defendants' actions were taken pursuant to warrants, signed by superior court judges. Therefore, plaintiff fails to state any claim that defendants' conduct violated plaintiff's Fourth Amendment rights.

### iii. Right to Privacy (Fifth and Ninth Amendments)

In his tenth enumerated cause of action, plaintiff purports to bring a claim for a violation of his right to privacy under the Fifth and Ninth Amendments to the United States Constitution. (FAC at 10.) Specifically, plaintiff alleges that, when defendants executed the abatement warrant, they allowed Restoration Management Company to "take photographs of plaintiff's real property from on and inside of plaintiff's real property, without plaintiff's permission." (Id.) However, plaintiff plainly fails to invoke any constitutional rights with these allegations. Plaintiff also fails to cite to any authority for the proposition that there is a private right of action under the Ninth Amendment.

### C. STATE LAW CLAIMS

Plaintiff's remaining claims are state law claims. Yet, there is no complete diversity of citizenship because plaintiff and all defendants are citizens of California. Therefore, the court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of

---

This section provides a statute of limitations for the appeal of an abatement action. It does not include any language that clearly creates an automatic stay of abatement proceedings during the time for appeal. In any event, even if plaintiff's interpretation of the code were correct, plaintiff admitted that he chose not to appeal the City Council's decision in state court. As such, the issue is moot.

12

factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). Here, given that the only federal claims have dropped out in the context of a motion to dismiss and that a trial date has not yet been set, dismissal of the state law claims without prejudice is appropriate.[8]

### D. LEAVE TO AMEND

"[I]f a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied . . . if amendment of the complaint would be futile . . . [or if] the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), amended, 856 F.2d 111 (9th Cir. 1988) (internal citations omitted).

Here, as explained above, defendants James and Doyle are protected by qualified immunity. Furthermore, plaintiff has failed to state any federal claim as to all defendants. Plaintiff cannot cure the deficiencies in his federal claims by pleading additional consistent facts because any additional facts that might cure these claims would contradict what he has already pled—namely, that defendants acted pursuant to warrants signed by superior court judges, and only executed the abatement order after notice was provided to plaintiff, a hearing was held, and an appeal was heard.

Moreover, plaintiff's admissions and his inability to state a federal claim demonstrate that the gravamen of plaintiff's first amended complaint is actually a non-diverse state law claim— namely, that the City allegedly enforced the abatement order in violation of the municipal code. However, plaintiff chose not to appeal this action in state court. Plaintiff may not appeal the action of a local municipality in federal court, simply because he would prefer the federal forum to the state one, without some independent jurisdictional basis for bringing the issues in federal court, which plaintiff cannot assert here.

---

[8] Because the dismissal of the state law claims would be without prejudice, plaintiff may be able to pursue such claims in state court. Nevertheless, and although the court does not adjudicate the merits of those claims, those claims appear to be frivolous—especially in light of plaintiff's admission that he voluntarily chose not to appeal the underlying abatement action in state court. Therefore, to avoid the potential imposition of sanctions in the state court forum, plaintiff should carefully consider whether refiling the action in state court is appropriate.

13

Therefore, leave to amend would be futile.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss plaintiff's first amended complaint (ECF No. 8) be GRANTED IN PART as to all defendants.
2. All claims against defendant Christina Browning be DISMISSED WITH PREJUDICE.
3. Plaintiff's remaining federal claims brought pursuant to 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE.
4. Plaintiff's remaining state law claims be DISMISSED WITHOUT PREJUDICE.
5. The Clerk of Court be ordered to close the case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: February 15, 2018

17-1898.dayton.mtd

14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE